SHERYL A. STRAIN
CHAPTER 7 TRUSTEE
575 E. ALLUVIAL AVE., #101
FRESNO, CA 93720
PHONE: (559) 435-2100
FAX: (559) 435-5656

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of: | Case No.: 10-18249-B-7 |
| | DC No.: SAS-1 |
| TRACY CASEY and | **MOTION FOR AUTHORIZATION TO SELL PERSONAL PROPERTY** |
| CHRISTIE CASEY | |
| Debtors. | Date: October 26, 2011 |
| | Time: 10:00 a.m. |
| | Dept: B |
| | Judge: Honorable W. Richard Lee |

**TO THE HONORABLE W. RICHARD LEE UNITED STATES BANKRUPTCY JUDGE:**

1. Sheryl A. Strain duly appointed qualified, and acting Trustee of the above-entitled estate.

2. The above-captioned case was filed under Chapter 7 on July 22, 2010 and Sheryl A. Strain was appointed Chapter 7 Trustee.

3. This Court has jurisdiction over this proceeding by virtue of U.S.C. §1334(a). This a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A). This motion is brought pursuant to 11 U.S.C. §363.

4. Among the assets of the estate is non exempt equity in a 2000 Chevrolet Silverado ("Silverado") Vehicle Identification Number 1GCEC14V2YZ249495, a 2004 Nissan Murano ("Nissan") Vehicle Identification Number JN8AZ08W34W316342 and a 1997 Jeep Wrangler ("Jeep") Vehicle Identification Number 1J4FY19S4VP549318.

| Vehicle | Est. Fair Mkt Value | Exemption | LIEN | Cost of Sale & Repairs | Estate |
|---|---|---|---|---|---|
| 2000 Chevy Silverado | $2,050.00 | 0 | 0 | $550.00 | $1,500.00 |
| 2004 Nissan Murano | $8,225.00 | $2,725.00 | 0 | $1,500.00 | $4,000.00 |
| 1997 Jeep Wrangler | $2,800.00 | 0 | 0 | $700.00 | $2,100.00 |
| TOTAL | $13,075.00 | $2,725.00 | 0 | $2,750.00 | $7,600.00 |

5. The Trustee has negotiated a sale of the non exempt equity in all vehicles to the debtors, Tracy and Christie Casey, to purchase the non-exempt equity in the Silverado, Nissan and the Jeep for the total sum of Seven Thousand Six Hundred and 00/100 Dollars ($7,600.00) cash. The total sum of $7,600.00 has been received by the estate.

6. In deciding to accept the proposed offer, the Trustee took into consideration the fair market value of the vehicles and the costs associated with taking possession of, storing, and selling the vehicles at auction. The Trustee does not believe that the estate would net a higher amount by selling the vehicles at auction.

7. The Trustee believes that sales of the above-described property on the terms set forth above is in the best interest of the creditors of this estate and all parties in interest.

**WHEREFORE,** the Trustee prays that after appropriate notice and opportunity to be heard, she be authorized to sell the above-described assets to the debtors, Tracy and Christie Casey, for the total sum of $7,600.00.

Dated: 9/26/11  /s/ Sheryl A. Strain
Sheryl A. Strain
Chapter 7 Trustee